UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES A. ESAW, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 1:15-CV-183-HSM-SKL ) ) |
| JEFF SWAYZE, LISA ALLEN, and TENNESSEE REHABILITATIVE INITITIAVE IN CORRECTION (TRICOR), | ) ) ) ) ) ) |
|     Defendants. | ) ) |

**<u>MEMORANDUM OPINION</u>**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that was transferred to this Court from the United States District Court for the Middle District of Tennessee, which assessed Plaintiff with the filing fee [Doc. 6]. For the reasons set forth below, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

In his complaint, Plaintiff asserts that he was wrongfully terminated from his position with the Tennessee Rehabilitative Initiative in Correction ("TRICOR") due to having "excessive program notes for not following plant rules" [Doc. 1 p. 4]. In support thereof, Plaintiff states that the program notes that led to his termination were mere pretext and that his termination was actually based upon an inmate's vendetta against him for his success as a wood scraper and Plaintiff's unwillingness to "subjugate" himself to the authority of a white inmate who has improperly been given "de facto" managerial authority over the wood plant and whose leadership has led to the improper terminations of several African-American inmates [*Id.* at 4–7]. Plaintiff also alleges that his termination resulted from Defendants' desire to conceal from the public the fact that this white inmate has improperly gained this power and that Plaintiff's challenge of the system is the actual reason he was terminated [*Id.* at 7, 8–9]. Accordingly, Plaintiff seeks restoration of his position with TRICOR, compensation, review of TRICOR hiring policies,

removal of several inmates from the Bledsoe Wood Plant, and removal of Defendant Allen as TRICOR Bledsoe Plant Manager [*Id*. at 11].

**III.     Legal Analysis**

First, Plaintiff's complaint fails to allege violation of a constitutional right with regard to his termination from TRICOR, as "[a] prisoner has no constitutional right to prison employment or a particular prison job." *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Moreover, a prisoner has no property right to wages for his work. *Id*.

Further, while Plaintiff's complaint references race causing the improper termination of other inmates, nothing in the complaint suggests that any named Defendant took any action against Plaintiff because of his race. Rather, Plaintiff repeatedly alleges that he was terminated for challenging a system that had led to the termination of other inmates who were African American. Accordingly, the complaint does not state a claim for racial discrimination under § 1983. *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008) (setting forth the standard for racial discrimination claims).

**IV.     Conclusion**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

             */s/ Harry S. Mattice, Jr.*
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE